11-1359-cr
United States v. Yurochkina

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand twelve.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges*.

---

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                    No. 11-1359-cr

YEKATERINA YUROCHKINA, a.k.a. Katya Yuro,
                    *Defendant-Appellant*.

---

APPEARING FOR APPELLANT:     PETER F. LANGROCK (Michele B. Patton, *on the brief*), Langrock Sperry & Wool, LLP, Middlebury, Vermont.

APPEARING FOR APPELLEE:      SARAH E. PAUL (Justin S. Weddle, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on April 1, 2011, is AFFIRMED.

Yekaterina Yurochkina challenges the sufficiency of the evidence underlying her conviction after jury trial on substantive and conspiratorial counts of immigration fraud. See 18 U.S.C. §§ 371, 1546(a). Specifically, Yurochkina argues that the evidence was sufficient to prove only that she made incomplete, and not false, statements in failing to provide required information in affidavits of financial support she prepared for submission to the United States Citizenship and Immigration Service ("USCIS").[1]

The argument fails because Yurochkina affirmatively conceded the sufficiency of the evidence of her guilt to the district court. Where a party intentionally relinquishes or abandons a known right in order to obtain a tactical advantage at sentencing, such abandonment "constitutes a true waiver which will negate even plain error review." United States v. Quinones, 511 F.3d 289, 321 (2d Cir. 2007) (internal quotation marks omitted). This is that case. In an effort to obtain a downward adjustment of her offense level under the Sentencing Guidelines for acceptance of responsibility, see U.S.S.G. § 3E1.1, Yurochkina, through counsel, conceded to the district court that "all of the financial sponsor affidavits contained materially false statements because each failed to properly state the number of

_____

[1] The government argues that, regardless of the merits of the sufficiency challenge Yurochkina advances on appeal, the evidence was sufficient to permit a rational jury to find that each of the eight financial affidavits underlying Yurochkina's conviction contained two other false statements that Yurochkina has not challenged. Because we reject Yurochkina's sufficiency challenge on the merits, we need not address the government's alternative arguments for affirmance.

times Ms. Perez had obligated herself to be a financial sponsor for others. Ms. Yurochkina does not dispute that finding as the jury had sufficient evidence to reach that determination." Schoenbach Letter to Judge Hellerstein, Feb. 11, 2011, at 5. Further, to secure acceptance consideration, Yurochkina highlighted her trial testimony that she "knew that to leave it [i.e., the question asking how many other permanent residents Perez had sponsored] blank it's not accurate." Gov't Add. at 5. Accordingly, Yurochkina's sentencing concession that she knowingly made materially false statements in immigration documents submitted to the immigration authorities not only waives any sufficiency challenge on appeal, but affirmatively establishes her guilt. See United States v. Archer, 671 F.3d 149, 154 (2d Cir. 2011) (observing that conviction for immigration fraud requires proof that "the defendant (1) knowingly (2) presented (3) an application or 'document required by the immigration laws' (4) that contained a false statement (5) as to a material fact" (quoting 18 U.S.C. § 1546(a))).

Yurochkina urges us to ignore her sentencing concession on appeal because it was made by sentencing counsel and not directly by her. This argument finds no support in our case law. See, e.g., United States v. Quinones, 511 F.3d at 320–21 (finding true waiver of challenge to sentence of life imprisonment where defense counsel argued to jury that rejecting death penalty would result in life sentence). As Yurochkina's counsel conceded guilt in a bid for leniency at sentencing, Yurochkina cannot now "evade the consequences of [that] unsuccessful tactical decision." United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991).

3

In any event, Yurochkina's sufficiency challenge fails because the trial record provides a sufficient evidentiary basis for a reasonable jury to find that Yurochkina knowingly made a false statement when, on the numerous financial sponsorship affidavits she prepared in the name of her secretary, Irene Perez, she failed to respond to a question asking how many other permanent residents Perez had sponsored. See Jackson v. Virginia, 443 U.S. 307, 318–19 (1979) (holding that evidence is only insufficient if no reasonable jury could have found that it proved guilt beyond reasonable doubt); United States v. Abu-Jihaad, 630 F.3d 102, 134–35 (2d Cir. 2010) (same). Yurochkina's own testimony confirmed the omissions were not inadvertent and discredited Yurochkina's innocent explanations for the omissions. See United States v. O'Connor, 650 F.3d 839, 855 (2d Cir. 2011) (observing that, on sufficiency review, court "must credit every reasonable inference that the jury could have drawn in the government's favor"). She testified that she knew that leaving the question blank was "not accurate" because she "knew that Perez sponsored many of [Yurochkina's] clients, some of [whom] got approval." Trial Tr. at 630–31. Nevertheless, she maintained that a blank response was truthful because she did not know precisely how many permanent residents Perez had sponsored. See id. Moreover, Perez testified that she signed several blank affidavits of support without reading them, and that she believed Yurochkina signed Perez's signature without her permission on other affidavits. Perez testified that she and Yurochkina intended for these affidavits to be sent to the government so that their clients could receive green cards, although they did not intend to provide financial support to their clients. Assuming, as we must, that the jury did not credit Yurochkina's explanation or other

4

self-serving parts of her testimony, but rather credited Perez's testimony and drew all inferences from that testimony and from the other record evidence in favor of the prosecution, see United States v. Abu-Jihaad, 630 F.3d at 134 (noting that, on sufficiency review, court must "assum[] that the jury resolved all questions of witness credibility and competing inferences in favor of the prosecution"), we conclude that a reasonable jury could have found beyond a reasonable doubt that Yurochkina failed to answer the question not because she did not know the answer, but, rather, because she intended thereby falsely to represent that Perez had not sponsored any other permanent residents, which she knew was not the case. Accordingly, Yurochkina's sufficiency challenge also fails on the merits.

We have considered Yurochkina's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5